# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SIMPSON, | No. 4:21-CV-01127 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| W.L. GORE & ASSOCIATES, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### MAY 6, 2022

On October 28, 2021, this Court dismissed institutional defendant Luzerne County Correctional Facility and transferred the remaining claims in Plaintiff John Simpson's *pro se* amended complaint[1] to the United States District Court for the Western District of Pennsylvania.[2]  The Court transferred the case for "the convenience of the parties and witnesses and in the interest of justice" pursuant to 28 U.S.C. § 1404(a) because the only remaining Section 1983 defendant—Barry Smith—is the superintendent of State Correctional Institution Houtzdale (SCI Houtzdale), which is located in Clearfield County, Pennsylvania, and thus situated in the Western District of Pennsylvania.[3]

---

[1]   Doc. 14.

[2]   *See generally* Doc. 16.

[3]   *See id.* at 2 & n.6.  The amended complaint also contains pendent state-law claims against Tyler Memorial Hospital and W.L. Gore & Associates, Inc.; however, only Tyler Memorial Hospital is situated in the Middle District of Pennsylvania and the claims against that facility do not implicate federal law.

Simpson appealed that decision on November 12, 2021.[4]  He subsequently moved for reconsideration in this Court.[5]  Simpson's motion for reconsideration is dated November 29, 2021, and was received by the Court and docketed on December 7, 2021.[6]  The Court, however, was unable to entertain Simpson's motion, as he had already filed a notice of appeal and divested this Court of jurisdiction.[7]

On March 2, 2022, the United States Court of Appeals for the Third Circuit dismissed Simpson's appeal for failure to pay the filing fee or to file an application to proceed *in forma pauperis*.[8]  That order, however, was not docketed by the Third Circuit Clerk of Court in the instant case until May 5, 2022.[9]  Once again having jurisdiction, the Court now turns to Simpson's motion for reconsideration.

In his motion, Simpson contends that this Court's October 28, 2021 Order was erroneous because his amended complaint "specifically named ten employees of the Luzerne County Prison in their individual and official capacities, corrected the name of the defendant hospital and named three of its employees in their

---

4   Doc. 17.
5   Doc. 19.
6   *See id.* at 1, 4, 6.
7   *See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros.*, 198 F.3d 391 (3d Cir. 1999) ("It is well established that '[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" (alterations in original) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982))).
8   Doc. 20.
9   *See id.*

individual and official capacities, and added the Secretary of the Pennsylvania Department of Corrections and Pennsylvania Governor Tom Wolf as defendants to this cause of action[.]"[10]

The Court will deny Simpson's motion for reconsideration for two reasons. First, the motion was filed too late. Under Local Rule 7.10, any motion for reconsideration (other than one to alter or amend judgment under Federal Rule of Civil Procedure 59) must be filed within 14 days "after the entry of the order concerned."[11] Even applying the prisoner mailbox rule[12]—and assuming that Simpson not only signed his motion on November 29 but also deposited it in the prison mail system that same day—his motion for reconsideration of this Court's October 28 Order is still more than two weeks too late.

Second, Simpson's amended complaint does not contain the factual matter that he maintains it does.[13] The amended complaint identifies four defendants and only four defendants: W. L. Gore & Associates, Inc., Tyler Memorial Hospital, "Luzerne County Prison," and Barry Smith.[14] There is only one passing reference that "Luzerne County Prison *and its medical staff*" caused some of Simpson's alleged medical injuries,[15] but this single fleeting allusion is entirely insufficient to

---

[10] Doc. 19 at 2-3.

[11] LOCAL RULE OF COURT 7.10.

[12] *See Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (citation omitted).

[13] The Court has reviewed the scanned electronic version of Simpson's amended complaint, Doc. 14, as well as the hard copy Simpson mailed to the Court.

[14] *See* Doc. 14 at 1, 2, 3, 5, 8, 9, 11.

[15] *See id.* at 5 (emphasis added).

name additional defendants for a Section 1983 lawsuit. That is particularly true when, at all other places in his amended complaint that mention "Luzerne County Prison" (including, but not limited to, the caption, the list of defendants, and the "Relief" section), only the facility—not any medical staff member—is identified.[16]

It is quite possible that Simpson errantly omitted a page when submitting his amended complaint to this Court. The Court observes that "Page 2 of 11" is missing from the form civil rights "amended" complaint that Simpson filed.[17] Should Simpson wish to amend his pleadings a second time to add additional defendants, he must obtain written consent from the opposing parties or seek leave of court from the United States District Court for the Western District of Pennsylvania.[18]

For the foregoing reasons, **IT IS HEREBY ORDERED** that Simpson's motion for reconsideration, Doc. 19, is **DENIED**.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[16] *See id.* at 1, 2, 8.
[17] *See id.* at 1-2.
[18] FED. R. CIV. P. 15(a)(2).